UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LOIS M. ROSENBLATT in her capacity as Public Administrator of Queens County as the Administrator for the Estate of BLANCA AZUCENA MONZON MALDONADO, a/k/a BLANCA AZUCENA MONZON, Deceased,

                    Plaintiffs,

   -against-

UNITED STATES OF AMERICA and
ST. JOHN'S EPISCOPAL HOSPITAL

                    Defendants.
-----------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Civil No.:

Plaintiff, by his attorneys, GINARTE, O'DWYER, GONZALEZ, GALLARDO & WINOGRAD, LLP, as and for a complaint against the Defendants herein, alleges upon information and belief as follows:

## **PARTIES**

FIRST:   At all times hereinafter mentioned, Plaintiff, LOIS M. ROSENBLATT, was in her capacity as Public Administrator of Queens County maintains an office at 88-11 Sutphin Boulevard, Room 61, Jamaica, New York 11435-3720, County of Queens.

SECOND: At all times hereinafter mentioned, Plaintiff, LOIS M. ROSENBLATT, in her capacity as Public Administrator of the County of Queens, was duly appointed by the Surrogate of Queens County, New York, as Administrator of the Estate of BLANCA AZUCENA MONZON MALDONADO, a/k/a BLANCA AZUCENA MONZON deceased, and Letters of Administration were issued to said Public Administrator.

1

THIRD: At all times relevant hereto Defendant, ST. JOHN'S EPISCOPAL HOSPITAL, was and still is a voluntary hospital.

FOURTH: At all times relevant hereto Defendant, ST. JOHN'S EPISCOPAL HOSPITAL, was and still is a corporation duly organized and existing under the laws of the State of New York.

FIFTH: At all times relevant hereto, the Joseph P. Addabbo Family Health Center was a federally funded entity, and accordingly has been determined a Public Health Service employer, and its employees who are physicians or certified health care practitioners considered government employees for purposes of the Federal Tort Claims Act.

SIXTH: At all times relevant hereto, MONZILA RAHMAN, M.D., was a physician duly licensed to practice medicine in the State of New York, employed by the Joseph P. Addabbo Family Health Center (hereinafter "JPA FHC").

## JURISDICTION AND VENUE

SEVENTH: Jurisdiction is proper pursuant to 28 U.S.C. § 1346(b)(1) as this civil claim arises against the United States for the personal injuries and death of the Plaintiff decedent by the negligent act or omission of employees of the Government while acting within the scope of their employment.

EIGHTH: Jurisdiction is proper pursuant to 28 U.S.C § 1367 as the claims against Defendant ST. JOHN'S EPISCOPAL HOSPITAL and Defendant UNITED STATES OF AMERICA arise out of the same case or controversy making supplemental jurisdiction of the claims against defendant ST. JOHN'S EPISCOPAL HOSPITAL proper.

NINTH: Jurisdiction is proper pursuant to the Federal Tort Claims Act, as a Notice of Claim has been timely filed with the Department of Health and Human Services on February 14, 2012, and more than six months have elapsed without a final disposition by that agency.

TENTH: Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) as the events giving rise to the claim occurred in this judicial district.

ELEVENTH: Venue is proper pursuant to 28 U.S.C. § 1402 (b) as the events giving rise to the tort claim occurred in this judicial district.

**FACTS COMMON TO ALL CAUSES OF ACTION**

TWELFTH: That at all times hereinafter mentioned the Defendant ST. JOHN'S EPISCOPAL HOSPITAL owned a hospital located at 327 Beach 19th Street, County of Queens, City and State of New York (hereinafter referred to "the subject premises.")

THIRTEENTH: That at all times hereinafter mentioned the Defendant ST. JOHN'S EPISCOPAL HOSPITAL operated a hospital located at the subject premises.

FOURTEENTH: That at all times hereinafter mentioned the Defendant ST. JOHN'S EPISCOPAL HOSPITAL managed a hospital located at the subject premises.

FIFTEENTH: That at all times hereinafter mentioned, the Defendant ST. JOHN'S EPISCOPAL HOSPITAL maintained a hospital located at the subject premises.

SIXTEENTH: That at all times hereinafter mentioned, the Defendant ST. JOHN'S EPISCOPAL HOSPITAL controlled a hospital located at the subject premises.

SEVENTEENTH: That at all times hereinafter mentioned, the Defendant ST. JOHN'S EPISCOPAL HOSPITAL owned the aforementioned hospital for the care,

treatment and healing of the sick, disabled and injured, pregnant women and others in need of medical care and treatment.

EIGHTEENTH:  That at all times hereinafter mentioned, the Defendant ST. JOHN'S EPISCOPAL HOSPITAL operated the aforementioned hospital for the care, treatment and healing of the sick, disabled and injured, pregnant women and others in need of medical care and treatment.

NINETEENTH:  That all times hereinafter mentioned, the Defendant ST. JOHN'S EPISCOPAL HOSPITAL managed the aforementioned hospital for the care, treatment and healing of the sick, disabled, injured, pregnant women and others in need of medical care and treatment.

TWENTIETH:  That all times hereinafter mentioned, the Defendant ST. JOHN'S EPISCOPAL HOSPITAL maintained the aforementioned hospital for the care, treatment and healing of the sick, disabled, injured, pregnant women and others in need of medical care and treatment.

TWENTY-FIRST: That all times hereinafter mentioned, the Defendant ST. JOHN'S EPISCOPAL HOSPITAL controlled the aforementioned hospital for the care, treatment and healing of the sick, disabled, injured, pregnant women and others in need of medical care and treatment.

TWENTY-SECOND:  That at all times hereinafter mentioned, the Defendant ST. JOHN'S EPISCOPAL HOSPITAL held itself out to the public as furnishing accommodations where members of the public, including plaintiff's decedent herein, could receive medical care and treatment.

TWENTY-THIRD:  That at all times hereinafter mentioned the Defendant ST. JOHN'S EPISCOPAL HOSPITAL provided personnel, including doctors, nurses,

laboratory, technicians, anesthesiologists, assistants, attendants and others, for the care and treatment of patients of said hospital and those individuals to whom its facilities were made available, including the plaintiff's decedent herein.

TWENTY-FOURTH:  Upon information and belief that said Defendant ST. JOHN'S EPISCOPAL HOSPITAL was duly accredited by the Joint Commission on Accreditation of Hospitals and said Defendant's manuals, rules, regulations, practices, procedures, techniques and functions were required to be in accordance with the standards, terms and conditions laid down and promulgated by said Joint Commission on Accreditation of Hospitals.

TWENTY-FIFTH:  That at all times hereinafter mentioned, MONZILA RAHMAN, M.D. was a physician with offices at 6200 Beach Channel Drive, County of Queens, City and State of New York.

TWENTY-SIXTH:  That at all times hereinafter mentioned the offices at 6200 Beach Channel Drive, County of Queens, City and State of New York was a federally funded healthcare entity known as Joseph P. Addabbo Family Health Center.

TWENTY-SEVENTH:  That at all times hereinafter mentioned, MONZILA RAHMAN, M.D. was a physician duly licensed to practice medicine in the State of New York

TWENTY-EIGHTH:  That at all times hereinafter mentioned, MONZILA RAHMAN, M.D. was employed by the Joseph P. Addabbo Family Health Center.

TWENTY-NINTH:  That at all times hereinafter mentioned, MONZILA RAHMAN, M.D., held himself/herself out to the public as a competent and skillful physician and a specialist in the field of Obstetrics and Gynecology.

5

THIRTIETH: That at all times hereinafter mentioned, MONZILA RAHMAN, M.D. maintained an office for said practice at 6200 Beach Channel Drive, County of Queens, City and State of New York, wherein he/she rendered care, examinations, treatment, attention and testing to the general public including the Plaintiff Decedent BLANCA AZUCENA MONZON MALDONADO, a/k/a BLANCA AZUCENA MONZON.

THIRTY-FIRST: That at all times hereinafter mentioned, MONZILA RAHMAN, M.D. did administer treatment to Plaintiff's Decedent, BLANCA AZUCENA MONZON MALDONADO, a/k/a BLANCA AZUCENA MONZON.

THIRTY-SECOND: That during the time the Plaintiff's Decedent was under the care and treatment of MONZILA RAHMAN, M.D., he/she did perform various diagnostic tests and procedures and did render care, treatment and assistance to Plaintiff's decedent.

THIRTY-THIRD: That during the time the Plaintiff's Decedent was under the care and treatment of MONZILA RAHMAN, M.D. as aforesaid, the Plaintiff Decedent was caused to suffer severe, serious and permanent personal injuries.

THIRTY-FOURTH: That at all times hereinafter mentioned, MONZILA RAHMAN, M.D. was a physician affiliated with Defendant ST. JOHN'S EPISCOPAL HOSPITAL.

THIRTY-FIFTH: That at all times hereinafter mentioned, MONZILA RAHMAN, M.D. had privileges in said hospital.

THIRTY-SIXTH: That at all times hereinafter mentioned, MONZILA RAHMAN, M.D. performed medical services upon patients of the Defendant ST. JOHN'S EPISCOPAL HOSPITAL.

THIRTY-SEVENTH:  That at all times hereinafter mentioned, MONZILA RAHMAN, M.D. and other physicians and certified practitioners employed by the Joseph P. Addabbo Family Health Center did admit his/her own patients to Defendant ST. JOHN'S EPISCOPAL HOSPITAL and rendered medical care and treatment to their own patients at said hospital with the permission or consent, express or implied, of Defendant ST. JOHN'S EPISCOPAL HOSPITAL.

THIRTY-EIGHTH:  That at all times hereinafter mentioned, from approximately December 22, 2008 through and including approximately December 23, 2008, Plaintiff's Decedent BLANCA MONZAN, was under the care of the Defendant ST. JOHN'S EPISCOPAL HOSPITAL.

THIRTY-NINTH: That at all times hereinafter mentioned, from approximately December 22, 2008 through and including approximately December 23, 2008 and throughout that period, the Plaintiff's Decedent was a patient of the Defendant, ST. JOHN'S EPISCOPAL HOSPITAL, its agents, servants and employees and that throughout this period the Defendant undertook to diagnose, treat and care for the Plaintiff's Decedent and to use due, reasonable and proper skill and care as prevalent among members of the same profession in the community.

FORTIETH:  That at all times hereinafter mentioned, from approximately December 22, 2008 through and including approximately December 23, 2008 Plaintiff's Decedent BLANCA MONZAN was under the care of MONZILA RAHMAN, M.D., and other physicians or certified health care practitioners employed by JPA FHC.

FORTY-FIRST:  That at all times hereinafter mentioned, from approximately December 22, 2008 through and including approximately December 23, 2008 and throughout that period, the Plaintiff's Decedent was a patient of MONZILA RAHMAN,

7

M.D., and other physicians or certified health care practitioners employed by JPA FHC, and that throughout this period the Defendant undertook to diagnose, treat and care for the Plaintiff's Decedent and to use due, reasonable and proper skill and care as prevalent among members of the same profession in the community.

### FIRST CAUSE OF ACTION
### AGAINST UNITED STATES OF AMERICA
### AND ST. JOHN'S EPISCOPAL HOSPITAL

FORTY-SECOND: Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through FORTY-FIRST as if more fully set forth at length herein.

FORTY-THIRD: That the Plaitiff's Decedent was so negligently, recklessly and carelessly treating by the Defendants, their agents, servants and/or employees, so as to constitute the aforesaid treatment and recklessness, carelessness, negligence, misfeasance, malfeasance and malpractice resulting in the aggravation and worsening of the condition from which Plaintiff's Decedent was suffering ultimately resulting in the death of the Plaintiff's Decedent.

FORTY-FOURTH: That the injuries sustained by the Plaintiff's Decedent and the suffering of the said Plaintiff's Decedent was due solely and wholly to the recklessness, carelessness, negligence, misfeasance, malfeasance and malpractice of the Defendants, their agents, servants and/or employees, without any negligence on the part of the Plaintiff's Decedent or the plaintiff contributing hereto.

FORTY-FIFTH: That the Plaintiff's Decedent was so negligently, recklessly and carelessly treated by all Defendants, their agents, servant and/or employees so as to constitute he aforementioned treatment as negligence, carelessness, recklessness,

malpractice, malfeasance and misfeasance consisting of, among other things, a failure to afford treatment in accordance with good and proper medical practice, in departing and deviating from accepted medical standards in the State of New York and in failing to follow qualified members of the profession practicing the specialties the standards of medical care and skill of the average practice by all Defendants, their agents, servants and/or employees, and all Defendants, their agents, servants and/or employees were in other ways careless, reckless, negligent and guilty of malpractice, all of which resulted in injury, damage and ultimately to the demise of the Plaintiff's Decedent BLANCA MONZAN.

FORTY-SIXTH:   That solely by reason of the recklessness, carelessness, negligence, misfeasance, malfeasance and malpractice of the Defendants, their agents, servants and/or employees, as aforesaid, during all of the time that said Plaintiff's Decedent was under their medical care and attention, that said Plaintiff's Decedent became and was rendered sick, sore, lame and disabled; received severe and serious injuries to her head, body and limbs; experienced great pain and suffering and Plaintiff's Decedent suffered from said injuries up to the date of her death; and all of the aforementioned injuries ultimately resulted in the untimely demise of the Plaintiff's Decedent.

FORTY-SEVENTH:   That solely by reason of the foregoing, the Plaintiff's Decedent has sustained money damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## SECOND CAUSE OF ACTION
## AGAINST UNITED STATES OF AMERICA
## AND ST. JOHN'S EPISCOPAL HOSPITAL

FORTY-EIGTH:  Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through FORTY-SEVEN as if more fully set forth at length herein.

FORTY-NINTH:  That the Defendants, their agents, servants and/or employees failed to disclose to the Plaintiff's Decedent such alternatives to the treatment undertaken and the reasonable, foreseeable risk and benefits involved as a reasonable medical practitioner under similar circumstances would have disclosed, in a manner permitting the Plaintiff's Decedent's to make knowledgeable evaluation; in failing to advise the Plaintiff's Decedent of available alternatives; in failing to advise the Plaintiff's Decedent of Plaintiff's Decedent true condition; and in other ways failing to procure informed consent.

## THIRD CAUSE OF ACTION
## AGAINST UNITED STATES OF AMERICA
## AND ST. JOHN'S EPISCOPAL HOSPITAL

FIFTIETH:     Plaintiff repeats and realleges the allegations contained in paragraphs of the complaint numbered FIRST through FORTY-NINE as if more fully set forth at length herein.

FIFTY-FIRST: That solely by reason of the negligent, recklessness, carelessness, malpractice, misfeasance and malfeasance of the Defendants, their agents, servants and/or employees as aforesaid, the Plaintiff's Decedent became sick, sore and disabled,

received severe, serious and permanent injuries to diverse parts of her person, which injuries ultimately resulted in her demise.

FIFTY-SECOND: That Plaintiff's Decedent left her surviving distributes, who sustained pecuniary loss by reason of the wrongful death of the Plaintiff's Decedent and the Decedent's Estate herein did incur hospital, medical, funeral, burial and other expenses.

WHEREFORE, Plaintiff demands judgment against Defendants UNITED STATES OF AMERICA and ST. JOHN'S EPISCOPAL HOSPITAL, for damages, in the amount of Ten Million Dollars ($10,000,000.00), interest and costs of suit on the First, Second and Third Counts of this Complaint, and for such other and further relief as this Court may deem just and proper.

Dated: November 8, 2012
    Brooklyn, New York

    /s/ Lewis Rosenberg, Esq.
LEWIS ROSENBERG, ESQ. (LR5791)
GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP
Attorneys for Plaintiffs
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated:  November 8, 2012

    /s/ Lewis Rosenberg, Esq.
LEWIS ROSENBERG, ESQ. (LR5791)
GINARTE, O'DWYER, GONZALEZ,
GALLARDO & WINOGRAD, LLP
Attorneys for Plaintiffs
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700